IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN, DL-4686, )
    Plaintiff, )
     )
    v. ) Civil Acton No. 04-1906
     )
JEFFREY A. BEARD, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the "Corrections Defendants' Motion to Dismiss Second Amended Complaint or, in the alternative for Summary Judgment" (Docket No.59) be treated as a motion for summary judgment and granted as to all Department of Corrections Defendants.

II. Report:

Presently before the Court for disposition is a Motion to Dismiss or in the alternative for Summary Judgment submitted on behalf of the Department of Corrections Defendant.

Alton D. Brown, an inmate at the State Correctional Institution at Fayette has presented another in a long list of civil rights complaint. By order dated February 2, 2005, his application for leave to proceed in forma pauperis was granted limited to "claims relating to his being denied an adequate or medically appropriate diet and being denied proper medical treatment for his knee injury as those claims arose on or after October 9, 2004, and denied in all other respects [as violations of the three strikes rule]." (Docket No. 5). Defendants Beard, Burks, Mechling,

Wilson, Krysevig, Harris, Cole, Scire, Tretnik. Mohring, Blandford, Zakin, Keefer, Barnes and Abrams ("the Corrections Defendants") now move to dismiss or in the alternative for summary judgment.[1]

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The plaintiff alleges that he has been placed on a punitive diet which is inadequate for his needs and as a result has lost sixty pounds. In addition, he alleges that the diet provided does not adequately meet his needs for treatment of his Hepatitis C. Denial of an adequate diet states a valid Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825 (1994). And, while a diet adequate to sustain good health must be provided, the manner in which those needs are met is left to the discretion of the institution. See: DeHart v. Horn, 227 F.3d 47 (3d Cir.2000). In addition, the plaintiff contends that he has been denied adequate medical care for a knee injury he sustained in September 2003.

Where in reviewing a motion to dismiss, matter beyond the complaint are considered by the court, the motion is treated as one for summary judgment. F.R.Civ.P. 12(b)(6). Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the

---

[1] The remaining defendants, Herbik and Meyers are independent medical personal contracted to work at the facility.

complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

Specifically in this regard, the plaintiff contends than following his transfer to the State Correctional Institution- Fayette he was placed on a "punitive diet" and as a result lost sixty pounds. While Brown makes such allegations, the record reflects that on January 21, 2004 and again on October 1, 2004, he refused to submit to a physical examinations as well as refused medication for his Hepatitis C condition .[2]  It is also noted in the record that on January 20, 2004, the plaintiff was gaining weight[3] and that on August 13, 2004 he weighed 188 pounds.[4]

In addition, the movants have submitted the declaration of Gary Abrams who is a Corrections Counselor at the facility and who states that during his shift the plaintiff is served two meals a day; that the plaintiff receives the standard approved inmate diet; that dietary alterations are only made in instances such as where serving an inmate a hot meal could be injurious to the inmate or others at the facility, and that he had never been asked to adulterate nor has he ever adulterated the plaintiff's food.[5]

The declaration of Roy A. Barnes, a Correctional Officer has also been submitted. In his declaration Barnes state that during his shift the plaintiff is served two meals; that meal service is never employed for behavior modification except where a normal meal would provide a danger to the inmate or other persons; that the plaintiff receives the same meals as all other inmates in

---

[2] See: Movants' Exhibit 6 at pages 5 and 6 and Exhibit 9 at pages 4 and 8.

[3] See: Movants' Exhibit 14 at page 5.

[4] See: Movants' Exhibit 9 at page 9.

[5] See: Movants' Exhibit 1.

his unit and that he has never been asked to adulterate the plaintiff's meals nor has he ever done so.[6]

The declaration of Robert H. Keefer, a Correctional Officer has also been submitted. In it, Keefer states that he is present during the service of the third meal; that food is not utilized for behavior modification; that the plaintiff receives the same meals as all other inmates on his unit, and that he has never been asked to adulterate the plaintiff's meals nor has he ever done so.[7]

Finally, the declaration of Michael Scribner who is a Corrections Food Service Manager has also been provided. In his declaration Scribner states that the all inmates are provided with approved nutritionally balanced meals; that inmates in the plaintiff's segregated housing unit are provided with the same meals as all other institutionalized individuals; that the department has a policy that food not be employed for disciplinary measures; that the plaintiff has been provided with a standard non-punitive diet and that he has never been directed to adulterate the plaintiff's food.[8]

The plaintiff has not responded and instead has again requested a delay which is abusive. Since based on the record as presently submitted, it appears that there is no merit to the plaintiff's allegations that he has been subjected to substandard food service, this claim is meritless.

In a similar manner, the plaintiff has alleged that the diet he is receiving is not appropriate for an individual with Hepatitis C. Specifically, he contends that he should have been continued on a high protein diet for his condition.

---

[6] See: Movants' Exhibit 2.

[7] See: Movants' Exhibit 3.

[8] See: Movants' Exhibit 4.

In response to a grievance regarding this matter which the plaintiff filed on January 20, 2004, the Superintendent noted:

> Physicians Assistant Lapina thoroughly evaluated you & she determined that it is no longer medically necessary for you to be on a high protein diet. She noted in your ... medical records that you have gained weight, you are no longer losing weight.[9]

We also observe parenthetically, that there is nothing in the record to support the plaintiff's claims regarding such an alleged deprivation occurring on or after Oct 9, 2004, the time period in question in this suit.

Again, we observe that the plaintiff has failed to respond and once again, it appears that the evidence demonstrates that the plaintiff's claims are unsubstantiated, and that the movants are entitled to judgment as a matter of law.

Finally, the plaintiff contends that he was not provided with appropriate medical treatment for a knee injury he sustained in September, 2003. Again we observe that the plaintiff has only been granted leave to proceed on this matter regarding events which arose on or after October 9, 2004.

The record demonstrates that the plaintiff has received attention for his knee since October 2003.[10] In addition, an x-ray of his knee was taken on December 9, 2003 and "no evidence of fracture or other recent acute traumatic osseous or joint pathology" was observed.[11] Additionally, there is no evidence of any later negative findings relating to his knee.

---

[9] See: Movants' Exhibit 14 at pages 5 and 7.

[10] See: Movants' Exhibit 9.

[11] Id.

The plaintiff has not responded despite being given considerable opportunity to do so.

In order to prevail here, the plaintiff must demonstrate deliberate indifference to a serious need of his. <u>Singletary v. Pennsylvania</u>, 266 F.3d 186 (3d Cir.2001).  What the record does demonstrates is that the plaintiff has received the appropriate diet prescribed for all inmates as well as a diet which is appropriate for an individual with Hepatitis C and that his knee injury has been adequately addressed. In addition, we observe that he has been uncooperative with medical authorities in refusing immunization and physical examinations. Thus, if in fact, he does suffer from the matters about which he complains, a great portion of the responsibility for that suffering must be laid upon the plaintiff himself.  Finally, we note that prison officials act appropriately when they rely on the level of care being provided by medical personnel. <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir.2004).

We would be remiss if we failed to observe that the plaintiff was permitted to prosecute this action solely because of his claim of imminent danger. We are also reminded of the "boy who cried wolf" who because he complained so often was doubted when indeed he was in need of help, and alert the plaintiff to this fact.

Because no material issues of fact exist, and because for the reasons stated above the movants are entitled to judgment as a matter of law,  it is recommended that the movants' motion to dismiss or in the alternative for summary judgment be treated as a motion for summary judgment, and as such be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely

objections may constitute a waiver of any appellate rights.

                                                                    Respectfully submitted,

Dated: November 9, 2005                          s/Robert C. Mitchell,
                                                                  United States Magistrate Judge