IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, DL-4686,     )  | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | Civil Acton No. 04-1906 |
|     ) | |
| JEFFREY A. BEARD, et al.,     ) | |
|     Defendants.     ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of defendants Herbik and Meyer (Docket No.106) be granted and that the complaint also be dismissed as to defendants Geragi, Lapina, Prison Health Services and Swierczewski pursuant to Rule 4(m) F.R.Civ.P., and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is a Motion for Summary Judgment submitted on behalf of defendants Herbik and Meyer.[1]

Alton D. Brown, an inmate at the State Correctional Institution at Fayette has presented another in a long list of civil rights complaint. By order dated February 2, 2005, his application for leave to proceed in forma pauperis was granted limited to "claims relating to his being denied an adequate or medically appropriate diet and being denied proper medical treatment for his knee injury as those claims arose on or after October 9, 2004, and denied in all other respects [as

---

[1] The plaintiff in his complaint incorrectly identifies defendant Meyer as Chris Meyers.

violations of the three strikes rule]." (Docket No. 5). In a Report and Recommendation filed on November 9, 2005 and adopted by the Court on December 13, 2005, summary judgment was granted as to defendants Beard, Blandford, Burks, Cole, Delie, Fogel, Gordon, Harris, Keefer, Krysevig. Manson, Mechling, Morhing, Moran, Noles, Pioparchy, Scire, Scribner, Skunda, Stickman, Tretinik, Wilson, Zakin, Abrams and Barnes.[2]

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The plaintiff alleges that he has been placed on a punitive diet which is inadequate for his needs and as a result has lost sixty pounds. In addition, he alleges that the diet provided does not adequately meet his needs for treatment of his Hepatitis C. Denial of an adequate diet states a valid Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825 (1994). And, while a diet adequate to sustain good health must be provided, the manner in which those needs are met is left to the discretion of the institution. See: DeHart v. Horn, 227 F.3d 47 (3d Cir.2000). In addition, the plaintiff contends that he has been denied adequate medical care for a knee injury he sustained in September 2003.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter

---

[2] See: Docket Nos. 77 and 94.

raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

Specifically in this regard, the plaintiff contends than following his transfer to the State Correctional Institution- Fayette he was placed on a "punitive diet" and as a result lost sixty pounds. While Brown makes such allegations, the record reflects that on January 21, 2004 and again on October 1, 2004, he refused to submit to a physical examinations as well as refused medication for his Hepatitis C condition .[3]  It is also noted in the record that on January 20, 2004, the plaintiff was gaining weight[4] and that on August 13, 2004 he weighed 188 pounds.[5]

In addition in support of the prior motion for summary judgment the declaration of Gary Abrams who is a Corrections Counselor at the facility was submitted. In that declaration he stated that during his shift the plaintiff was served two meals a day; that the plaintiff received the standard approved inmate diet; that dietary alterations are only made in instances such as where serving an inmate a hot meal could be injurious to the inmate or others at the facility, and that he had never been asked to adulterate nor has he ever adulterated the plaintiff's food.[6]

The declaration of Roy A. Barnes, a Correctional Officer was also submitted. In his declaration Barnes stated that during his shift the plaintiff was served two meals; that meal service is never employed for behavior modification except where a normal meal would provide

---

[3] See: Exhibit 6 at pages 5 and 6 and Exhibit 9 at pages 4 and 8 appended to Docket No.59.

[4] See: Exhibit 14 at page 5 appended to Docket No.59.

[5] See: Exhibit 9 at page 9 appended to Docket No.59.

[6] See: Exhibit 1 appended to Docket No.59.

a danger to the inmate or other persons; that the plaintiff received the same meals as all other inmates in his unit and that he has never been asked to adulterate the plaintiff's meals nor has he ever done so.[7]

The declaration of Robert H. Keefer, a Correctional Officer was also submitted. In it, Keefer stated that he was present during the service of the third meal; that food is not utilized for behavior modification; that the plaintiff received the same meals as all other inmates on his unit, and that he has never been asked to adulterate the plaintiff's meals nor has he ever done so.[8]

Finally, the declaration of Michael Scribner who is a Corrections Food Service Manager was also provided. In his declaration Scribner stated that the all inmates are provided with approved nutritionally balanced meals; that inmates in the plaintiff's segregated housing unit are provided with the same meals as all other institutionalized individuals; that the department has a policy that food not be employed for disciplinary measures; that the plaintiff was provided with a standard non-punitive diet and that he has never been directed to adulterate the plaintiff's food.[9]

The plaintiff did not responded to those representations. Since it appeared that there was no merit to the plaintiff's allegations that he had been subjected to substandard food service, that claim was determined to be meritless.

In a similar manner, the plaintiff alleged that the diet he was receiving was not appropriate for an individual with Hepatitis C. Specifically, he contended that he should have been continued on a high protein diet for his condition.

---

[7] See: Exhibit 2 appended to Docket No.59.

[8] See: Exhibit 3 appended to Docket No.59.

[9] See: Exhibit 4 appended to Docket No.59.

In response to a grievance regarding this matter which the plaintiff filed on January 20, 2004, the Superintendent noted:

> Physicians Assistant Lapina thoroughly evaluated you & she determined that it is no longer medically necessary for you to be on a high protein diet. She noted in your ... medical records that you have gained weight, you are no longer losing weight.[10]

We also observe parenthetically, that there is nothing in the record to support the plaintiff's claims regarding such an alleged deprivation occurring on or after Oct 9, 2004, the time period in question in this suit.

Again, plaintiff failed to respond, and it was concluded that the correctional department movants were entitled to judgment as a matter of law.

Finally, the plaintiff contends that he was not provided with appropriate medical treatment for a knee injury he sustained in September, 2003. Again we observe that the plaintiff has only been granted leave to proceed on this matter regarding events which arose on or after October 9, 2004.

The record submitted in support of the prior motion demonstrated that the plaintiff did received attention for his knee since October 2003.[11] In addition, an x-ray of his knee was taken on December 9, 2003 and "no evidence of fracture or other recent acute traumatic osseous or joint pathology" was observed.[12] Additionally, there was no evidence of any later negative findings relating to his knee.

---

[10] See: Exhibit 14 at pages 5 and 7 filed with the prior motion.

[11] See: Exhibit 9 appended to Docket No.59.

[12] Id.

The plaintiff again did not responded meaningfully despite being given considerable opportunity to do so.[13]

In order to prevail on his claim, the plaintiff must demonstrate that the present movants exhibited deliberate indifference to a serious medical need of his thereby exposing him to an excessive health risk <u>Nicini v. Morra</u>, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. <u>Rouse v. Plantier</u>, 182 F.3d 192 (3d Cir. 1999).

What the record does demonstrates is that the plaintiff has received the appropriate diet prescribed for all inmates as well as a diet which is appropriate for an individual with Hepatitis C and that his knee injury has been adequately addressed. In addition, we observe that he has been uncooperative with medical authorities in refusing immunization and physical examinations.

Because no material issues of fact exist, and because for the reasons stated above the movants are entitled to judgment as a matter of law, it is recommended that the present motion for summary judgment be granted.

In addition, we observe that the plaintiff filed his second amended complaint on August 16, 2005. Despite the passage of over five months, service has not been made on remaining defendants Swierczewski, Geragi, Prison Health Services and Lapina.[14] Accordingly, the complaint should be dismissed as to them pursuant to Rule 4(m), F.R.Civ.P.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days

---

[13] See: Docket No. 122.

[14] See: Docket Nos. 89, 90, 91, 92.

from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

Dated: March 1 , 2006

s/Robert C. Mitchell,
United States Magistrate Judge